UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

ESTATE OF RUEBEN H. DEESE,
the UNKNOWN HEIRS, devisees,
grantees, assignees, lienors, creditors,
trustees, or other claimants - claiming
by, through, under, or against, RUEBEN
H. DEESE, ET AL.,

Defendants.

Case No. 3:15CV580 – RV/CJK

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court on the plaintiff's motion for summary judgment foreclosing a mortgage it holds.

It appears to the Court that:

(a)  All parties to this action have been duly served with legal process and the Court has jurisdiction over the parties and the subject matter.

(b)  The defendant, Estate of Rueben H. Deese, through their representative, Rueben H. Deese, Jr., stated that the family has no interest in the real property and agreed to support the foreclosure action. On February 12, 2016, the government filed the Estate of Rueben H. Deese's waiver of interest. (Doc. 6)

(c)  An attorney ad litem was appointed to determine the interest of other possible claimants. (Doc. 8) The report of the attorney ad litem indicates that there

are no unknown or unnamed devisees, grantees, assignees, lienors, creditors, or other claimants claiming by or through the decedent in this matter. (Doc. 12)

(d) Plaintiff has submitted to the Court its proof in the form of the original mortgage, promissory note, assignment, property description, and death certificate. (Doc 1, Exhibits) The proof having been submitted and examined, and the pleadings, together with the record as a whole, having been considered, the Court finds a breach of the mortgage contract and the following amounts to be due to the United States from defendant, Estate of Rueben H. Deese, deceased:

As of April 15, 2016, the following sums are due and owing:

| | |
|---|---|
| (A) Unpaid Principal | $ 148,831.88 |
| (B) Interest accrued to April 15, 2016 in accordance with a fixed rate note/mortgage:   fixed rate of 5.560 % per annum | $ 65,252.07 |
| (C) MIP<br>advances for tax payments & insurance set forth in 24 CFR 206.27 & 206.103 et seq. and HUD handbook 4330.1 (13-14) et seq. | $ 9,084.35 |
| (D) Service Fee | $ 2,190.00 |
| set forth in HUD handbook 4330.1 (13-15) | |
| TOTAL (through April 15, 2016) | $ 225,358.30 |

at the current rate of interest: 5.560% per annum or the per diem rate of $36.67,

2

plus accruing costs, interest and attorney fees and filing fees in the amount of $400.00. Post-judgment interest accrues thereafter at the annual rate provided for in 28 U.S.C. § 1961.

IT IS THEREFORE, ORDERED AND ADJUDGED:

(1) Summary Judgment of Foreclosure is hereby entered in favor of the plaintiff United States against the Estate of Rueben H. Deese, deceased, and the unknown heirs, devisees, grantees, assignees, lienors, creditors, trustees, or other claimants - claiming by, through, under, or against, Rueben H. Deese, deceased.

(2) That the Estate of Rueben H. Deese, deceased, be ordered and directed to pay the United States within ten (10) days after the date of entry of this order the sums of money found to be due the United States on the note and mortgage as set forth above.

(3) That if the Estate of Rueben H. Deese, deceased, fails to pay said sums within the ten (10) day period, then, under the applicable laws and rules of this Court, the United States Marshal is appointed sales officer and ordered and direc-ted to sell the following described mortgage property, situated, lying and being in Walton County, Florida, to wit:

-120 Mandevilla Lane, Miramar Beach, Florida, 32550 -

> Lot 3, Garden Homes of Bayside II, according to the plat
> thereof as recorded in Plat Book 14, Pages 17 through 17A,
> inclusive, of the Public Records of Walton County, Florida.

(4) The U.S. Attorney's Office shall advertise the described property in accordance with Title 28, United States Code, Sections 2001 and 2002, and after giving proper notice, conduct a sale of the property at the front door of the Walton County Courthouse in DeFuniak Springs, Florida.

(5) Upon the sale being made of the property and confirmed by this Court, Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

(6) The United States is authorized to bid at the sale and any bid made by the United States all be credited against the indebtedness due the United States. If the United States is the successful bidder for an amount less than the amount due hereunder, then the United States may pay costs of Court and expenses due hereunder and it is not necessary for the United States to pay over any money other than the costs of this suit.

(7) Upon sale being made, and if there are no objections to the sale within ten (10) days, then the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder or bidders at such sale, and

report the amount of the sale for confirmation. Upon the sale being made, the Marshal shall retain the proceeds thereof until confirmation and order of disbursement is made.

(8) The Court reserves jurisdiction to make further orders as may be appropriate, including, but not limited to: an order for the issuance of a writ of assistance should repossession of the subject real property be contested; an order for the taxation of all costs; and an appropriate order of disbursement should there be a surplus upon sale of the subject real property.

DONE and ORDERED this __7th__ day of April, 2016.

ROGER VINSON
UNITED STATES DISTRICT JUDGE